United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY NIELSEN, | No. C07-00076 MJJ |
| Plaintiff, | **ORDER GRANTING DEFENDANTS MERCK & CO., INC.'S MOTION TO STAY AND DISMISSING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR REMAND** |
| v. | |
| MERCK AND COMPANY, | |
| Defendant. | |

## INTRODUCTION

Before the Court is Merck & Company, Inc.'s ("Merck") motion to stay (Docket No. 8), including consideration of Jeffrey Nielsen's ("Plaintiff") motion for remand (Docket No. 9), pending a transfer decision by the Judicial Panel on Multidistrict Litigation ("JPML").

## FACTUAL BACKGROUND

On February 16, 2005, the JPML issued a transfer order establishing MDL Proceeding No. 1657, entitled *In re VIOXX Products Liability Litigation*, direct that 148 actions that were the subject of motions for coordinated treatment pursuant to 28 U.S.C. § 1407 be transferred for coordinated pretrial proceedings in the U.S. District Court for the Eastern District of Louisiana, before the Honorable Eldon E. Fallon. Since then, the JPML has issued conditional transfer orders transferring numerous additional actions to that MDL proceeding.

On September 21, 2006, Plaintiff filed a complaint in the Superior Court of the State of California, County of Los Angeles against Merck as well as two pharmaceutical distributors.

Plaintiff's allegations focus on the alleged increased health risks when taking Vioxx, and whether Defendants knew of these alleged increased risks and failed to disclose them. On January 5, 2007, Merck removed the action to this Court based on diversity jurisdiction, asserting fraudulent joinder of the pharmaceutical distributors. On January 12, 2007, Merck provided notice to the JPML of this matter as a "tag-along" action to MDL Proceeding No. 1657. On February 1, 2007, the JPML issued a conditional transfer order conditionally transferring this case to the MDL proceeding. Plaintiff intends to oppose the conditional transfer order before the JPML..

On January 29, 2007, Merck filed a motion to stay this action pending resolution of its transfer to the MDL proceeding. On February 1, 2007, Plaintiff filed a motion to remand the case to state court.

## LEGAL STANDARD

The pendency of a conditional transfer order before the JPML "does not affect or suspend orders and pretrial proceeding in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of the court." JPML Rule 1.5. At the same time, a court maintains its inherent power to stay its proceedings. The decision to grant or deny a temporary stay of proceedings pending a ruling on the transfer of the matter to the MDL court lies within this Court's discretion. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). When ruling on a motion to stay, a district court should consider several factors: (1) potential prejudice to the non-moving party if the action is stayed; (2) hardship and inequity to the moving party if the action is not stayed; (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated; and (4) the potential for conflicting rulings. *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 160 (C.D. Cal. 1997). Often, deference to the MDL court for resolution of a motion to remand provides the opportunity for the uniformity, consistency, and predictability in litigation that underlies the MDL system. *Conroy v. Fresh Del Monte Produce, Inc.*, 325 F. Supp. 2d 1049, 1053 (N.D. Cal. 2004).

## ANALYSIS

Under the circumstances, all the relevant factors point towards staying these proceedings.

First, judicial resources will be conserved by staying this matter and deferring consideration

2

1 of the remand motion to the MDL court. Defendant's basis for removal to this court is that the
2 pharmaceutical distributor defendants, whose presence in this lawsuit destroys complete diversity,
3 are fraudulently joined. According to Defendant's assertions, which Plaintiff does not dispute, there
4 are presently dozens of cases already in the MDL originating from California more that involve the
5 same jurisdictional issue – the fraudulent joinder of these same pharmaceutical distributor
6 defendants. This Court follows the many other district courts in California that have found that the
7 interest of judicial economy therefore favors staying this action pending its transfer to the MDL
8 proceeding.

9       Second, absent a stay, there would be a significant risk of inconsistent rulings given the
10 number of cases already in the MDL that raise the same jurisdictional question. Judge Fallon has
11 expressed a preference that transferor courts defer rulings on remand motions that present
12 overlapping jurisdictional issues, as Plaintiff's motion does here.   (Thomas Decl. Exh. G at 21-22.).
13 Moreover, as described by the JPML in correspondence with this Court dated February 20, 2007,
14 regarding pending remand motions, it may be "especially appropriate" for the transferor court to
15 "wait until the Panel has decided the transfer issue . . . if the motion raises questions likely to arise in
16 other actions in the transferee court and, in the interest of uniformity, might best be decided there if
17 the Panel orders centralization."

18       Third, a balancing of the hardships to the parties also favors a stay. Plaintiff does not
19 establish any specific prejudice that would be caused by deferring resolution of the remand question
20 until the MDL court can address it alongside similar cases. There will still be a judicial
21 determination of the "fraudulent joinder" issues if the case is transferred. If it is not, Plaintiff may
22 renew his remand motion here.   In contrast, absent a stay, Merck would suffer prejudice from being
23 forced to litigate the same jurisdictional issues in multiple forums.

24       Plaintiff contends that the Court must first preliminarily consider the merits of the remand
25 motion before even considering a stay, citing *Meyers v. Bayer A.G.*, 143 F. Supp.2d 1044, 1053
26 (E.D. Wis. 2001). However, this Court has previously observed that the *Meyers* approach has not
27 been explicitly adopted by the Ninth Circuit. *Conroy v. Fresh Del Monte Produce, Inc.*, 325 F.
28 Supp.2d 1049, 1053 (N.D.Cal. 2004) (J. Armstrong). In any event, a preliminary assessment of the

3

jurisdictional issue presented in Plaintiff's motion to remand reveals that it is factually and legally complex and cannot easily be disposed of by this Court. In order to rule on Plaintiff's motion, the Court would have to delve in the factual inconsistencies between Plaintiffs' allegations against Merck and Plaintiff's allegations against the distributor defendants. The Court would also have to delve into the legal intricacies of the duty of warn imposed on distributors of prescription drugs under California law. Though Plaintiff points to the order by Judge Chaney in the Vioxx California Coordination Proceeding in an effort to provide a shortcut through such complex issues, that trial court ruling is not binding here and does not eliminate the complexity of the required analysis. The Court also agrees with Merck that Judge Fallon is best positioned to determine what effect, if any, Judge Chaney's order should have on federal jurisdiction in cases raising a fraudulent joinder question under California law.

**CONCLUSION**

For the foregoing reasons, the Court:

(1) **GRANTS** Merck's motion to stay (Docket No. 8) pending the transfer decision by the JPML.

(2) **STAYS** further proceedings in this action pending the transfer decision.

(3) **DISMISSES WITHOUT PREJUDICE** Plaintiff's motion to remand (Docket No. 9); and

(4) **VACATES** the March 20, 2007 hearing in this matter.

Plaintiff shall notify the Court of the status of this case after the JPML decides the transfer issue. If this matter is not transferred, the Court shall lift the stay and Plaintiff may renew his motion to remand.

**IT IS SO ORDERED.**

Dated: 3/15/2007

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE